Shawn Ridgell (State Bar No. 201179)
RIDGELL & LAWLOR LLP
2128 Broadway
Oakland, Ca 94612
(510) 986-1300

Attorneys for Plaintiff MORTON BRADLEY

FILED
JUN 1 2 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

MORTON BRADLEY,

    Plaintiff,

v.

CITY OF PITTSBURG,
DAVID PEARLMAN, DOES
1 TO 50,

    Defendants.

ACTION NO.: C08-02925 EMC

**COMPLAINT FOR DAMAGES
FOR NEGLIGENCE, BATTERY,
DEPRIVATION OF RIGHTS UNDER
STATE LAW [CAL. CIV. CODE §52.1],
DEPRIVATION OF RIGHTS UNDER
FEDERAL LAW [42 USC §1983],
RESPONDEAT SUPERIOR**

**[JURY TRIAL DEMANDED]**

Plaintiff MORTON BRADLEY ("Bradley") alleges as follows:

**FACTS COMMON TO ALL CAUSES OF ACTION:**

1.  Plaintiff MORTON BRADLEY is, and at all times mentioned herein was, a person residing in the city of Pittsburg, state of California.

2.  Defendant CITY OF PITTSBURG is, and at all times mentioned herein was, a public entity duly organized and existing under the laws of the state of California.

3.  Defendant DAVID PEARLMAN, was, at all times mentioned in this complaint, a police officer employed by defendant CITY OF PITTSBURG, and while acting within the course and scope of his employment, committed the acts causing the injuries alleged in this complaint.

/ / / / /

1  4.      This court has jurisdiction over this action pursuant to 28 U.S.C. §1331 in that
2  the controversy arises under Federal law. Venue is proper pursuant to 28 U.S.C.
3  §1391(b) and (c).
4  5.      The true names and/or capacities, whether individual, corporate, associate or
5  otherwise of defendants named herein as Does 1 through 50, inclusive, are unknown to
6  Bradley at this time, and he sues such defendants by fictitious names. Bradley is
7  informed and believes and therefore alleges that each of the defendants
8  designated herein by fictitious name is in some manner responsible for the events and
9  happenings herein referred to, and caused damages proximately and forseeably thereby
10 to Bradley as hereinafter alleged. When the true names and capacities have been
11 ascertained, Bradley will ask leave of court to amend this complaint.
12 5.      At all times mentioned, each and every defendant herein was the agent, servant,
13 employee, partner, and/or joint venturer of the other defendants herein, that at all
14 said times, each of the defendants was acting within the course and scope of such
15 agency, service, employment, partnership, and joint venture.
16 6.      On or about June 19, 2007, Bradley was driving down Harbor and School
17 Street in Pittsburg, California, when defendant Pearlman stopped and approached him.
18 7.      Without probable cause for a search, Pearlman searched Bradley's person and
19 this resulted in an unlawful detention of Bradley.
20 8.      At this time, Bradley was arrested, and during the arrest, Pearlman used
21 excessive force in detaining Bradley by wrongfully tightening the handcuffs around
22 Bradley's wrist to the extent that he sustained injuries to his right wrist. Such conduct
23 was committed in violation of Bradley's rights under state and federal law.
24 9.      On or about December 13, 2007, Bradley filed a claim for damages with
25 defendant CITY OF PITTSBURG. Said claim for damages was denied by operation of
26 law, as defendant CITY OF PITTSBURG did not respond to Bradley's claim for
27 damages within the time required by law.
28

## FIRST CAUSE OF ACTION
### (NEGLIGENCE)

10. Bradley incorporates by reference the allegations contained in paragraphs 1 through 9 of the complaint herein.

11. At all times mentioned, defendant Pearlman was an employee of defendant City of Pittsburg, and while acting within the course and scope of his employment with the City of Pittsburg, breached his duty to Bradley by negligently and carelessly committing the acts causing the injuries alleged in this complaint.

12. As a direct and legal result of the negligence of Pearlman, Bradley was harmed, and injured in his health, strength, and activity. As a result of these injuries, Bradley has suffered general damages.

13. As a further proximate result of the acts of defendant Pearlman, Bradley has incurred medical expenses and other damages. The full amount of these damages is not known to Bradley at this time.

WHEREFORE, Bradley requests relief as hereinafter provided.

## SECOND CAUSE OF ACTION
### (BATTERY)

14. Bradley incorporates by reference the allegations contained in paragraphs 1 through 13 of the complaint herein.

15. In doing the acts as alleged above, defendant Pearlman acted with the intent to make a harmful or offensive with Bradley's person.

16. At no time did Bradley consent to any of the acts of defendants as alleged above.

17. As a proximate result of the acts of defendant Pearlman, Bradley was hurt and injured in his health, strength, and activity. As a result of these injuries, Bradley has suffered general damages.

18. As a further proximate result of the acts of defendant Pearlman, Bradley has incurred medical expenses and other damages. The full amount of these damages is not

known to Bradley at this time.

WHEREFORE, Bradley requests relief as hereinafter provided.

### THIRD CAUSE OF ACTION
### (DEPRIVATION OF RIGHTS UNDER COLOR OF STATE LAW)
### (CAL. CIV. CODE §52.1)

19. Bradley incorporates by reference the allegations contained in paragraphs 1 through 18 of the complaint herein.

20. As a result of the conduct and misfeasance of defendant Pearlman, Bradley has been deprived of his right to be free from violence or intimidation by threat of violence, committed against his person.

21. Pursuant to Cal. Civ. Code §52.1(h), defendants, and each of them, are liable for each and every violation of Bradley's civil rights for reasonable attorney's fees.

WHEREFORE, Bradley requests relief as hereinafter provided.

### FOURTH CAUSE OF ACTION
### (DEPRIVATION OF RIGHTS UNDER COLOR OF FEDERAL LAW)
### (42 USC §1983)

22. Bradley incorporates by reference the allegations contained in paragraphs 1 through 21 of the complaint herein.

23. As a result of the conduct and misfeasance of defendant Pearlman, Bradley has been deprived of his right to be free from violence or intimidation by threat of violence, committed against his person.

24. Pursuant to 42 U.S.C. §1988, defendants, and each of them, are liable for each and every violation of Bradley's civil rights for reasonable attorney's fees.

WHEREFORE, Bradley requests relief as hereinafter provided.

### FIFTH CAUSE OF ACTION
### (RESPONDEAT SUPERIOR)

25. Bradley incorporates by reference the allegations contained in paragraphs 1 through 24 of the complaint herein.

26. At all times herein mentioned, defendant Pearlman was the agent and employee

of defendant City of Pittsburg. In doing the acts herein described and referred to, these employees and agents were acting in the course and scope of their authority as agents and employees, and in the transaction of the business of the agency. Defendant City of Pittsburg is therefore liable to Bradley for the acts of defendant Pearlman as as alleged above.

WHEREFORE, Bradley requests relief as hereinafter provided.

## PRAYER

WHEREFORE, Bradley prays for judgment against defendants as follows:

1. For medical and related expenses according to proof;
2. For general damages;
3. For reasonable attorney's fees;
4. For punitive damages as to defendant Pearlman;
5. For prejudgment interest as allowed by law;
6. For cost of suit herein; and
7. For such other and further relief as the court may deem proper.

Dated: June 11, 2008                                    RIDGELL & LAWLOR LLP

By: _____
Shawn Ridgell
Attorney for Plaintiff
MORTON BRADLEY