PETER P. EDRINGTON, Esq. (074355)
JAMES M. MARZAN, ESQ. (133931)
EDRINGTON, SCHIRMER & MURPHY
2300 Contra Costa Boulevard, Suite 450
Pleasant Hill, CA 94523-3936
Telephone: (925) 827-3300
Facsimile: (925) 827-3320

Attorneys for Defendants CITY OF PITTSBURG and DAVID PEARMAN (erroneously served and sued herein as DAVID PEARLMAN)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORTON BRADLEY,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF PITTSBURG, DAVID PEARLMAN, DOES 1 TO 50,<br><br>Defendants. | **CASE NO.: C 08-02925 EMC**<br><br>**DEFENDANTS CITY OF PITTSBURG AND DAVID PEARMAN'S ANSWER TO COMPLAINT FOR DAMAGES, BATTERY, DEPRIVATION OF RIGHTS UNDER STATE LAW, DEPRIVATION OF RIGHTS UNDER FEDERAL LAW, RESPONDEAT SUPERIOR**<br><br>**(JURY TRIAL DEMANDED)** |

**JURY TRIAL DEMAND**

Defendants hereby demand a jury trial in this case.

**ANSWER**

COME NOW defendants CITY OF PITTSBURG and DAVID PEARMAN (erroneously served and sued as DAVID PEARLMAN) and in answer to plaintiff's Complaint for Damages, responds as follows:

1. As to the allegations of Paragraph 1, defendants admit that plaintiff was a resident of the City of Pittsburg, State of California.

2. As to the allegations of Paragraph 2, defendants admit said allegations.

3. As to the allegations of Paragraph 3, defendants admit that DAVID PEARMAN was employed with the CITY. Defendants deny any wrongdoing, deny plaintiff was injured as a result of any act performed by defendants and deny plaintiff is entitled to any recovery or award of damages.

4. As to the allegations of Paragraph 4, defendants admit that venue is proper in this court. Defendants deny any wrongdoing, deny plaintiff was injured as a result of any act performed by defendants and deny plaintiff is entitled to any recovery or award of damages.

5. As to the allegations of Paragraph 5, defendants respond that they lack sufficient information to admit said allegations and therefore denies them.

5. As to Paragraph 5 (sic), defendants admit that DAVID PEARMAN was employed by the CITY. Defendants deny any wrongdoing, deny plaintiff was injured as a result of any act performed, and deny plaintiff is entitled to any recovery or award of damages.

6. As to the allegations of Paragraph 6, defendants admit that plaintiff was driving his vehicle on Harbor Street in Pittsburg, California, when Officer PEARMAN conducted a traffic stop of plaintiff's vehicle and approached the vehicle.

7. As to the allegations of Paragraph 7, defendants deny said allegations.

8. As to the allegations of Paragraph 8, defendants admit that once Officer PEARMAN determined plaintiff was in violation of the law, he lawfully placed plaintiff under arrest. All other allegations of this paragraph are denied.

9. As to the allegations of Paragraph 9, defendants admit that on or about December 13, 2007, plaintiff submitted a claim for damages with the CITY. The CITY admits that plaintiff's claim was rejected but denies that it was rejected by operation of law. The CITY denies that it did not respond to plaintiff's claim.

10. As to the allegations of Paragraph 10, defendants incorporate by reference its answers to the allegations in paragraphs 1 through 9.

11. As to the allegations of Paragraph 11, defendants admit that DAVID PEARMAN was employed with the CITY. All remaining allegations are denied. Defendants deny any

wrongdoing, deny plaintiff was injured as a result of any act performed by defendants, and deny plaintiff is entitled to any recovery or award of damages.

12. As to the allegations of Paragraph 12, defendants deny said allegations.

13. As to the allegations of Paragraph 13, defendants deny said allegations.

14. As to the allegations of Paragraph 14, defendants incorporate by reference its answers to the allegations in paragraphs 1 through 13.

15. As to the allegations of Paragraph 15, defendants deny said allegations.

16. As to the allegations of Paragraph 16, defendants deny any wrongdoing, deny plaintiff was injured as a result of any act performed by defendants and deny plaintiff is entitled to any recovery or award of damages.

17. As to the allegations of Paragraph 17, defendants deny said allegations.

18. As to the allegations of Paragraph 18, defendants deny said allegations.

19. As to the allegations of Paragraph 19, defendants incorporate by reference its answers to the allegations in paragraphs 1 through 18.

20. As to the allegations of Paragraph 20, defendants deny said allegations.

21. As to the allegations of Paragraph 21, defendants deny said allegations.

22. As to the allegations of Paragraph 22, defendants incorporate by reference its answers to the allegations in paragraphs 1 through 21.

23. As to the allegations of Paragraph 23, defendants deny said allegations.

24. As to the allegations of Paragraph 24, defendant denies said allegations.

25. As to the allegations of Paragraph 25, defendants incorporate by reference its answers to the allegations in paragraphs 1 through 24.

26. As to the allegations of Paragraph 26, defendants admit that DAVID PEARMAN was employed with the CITY. Defendants deny any wrongdoing, deny plaintiff was injured as a result of any act performed by defendants and deny plaintiff is entitled to any recovery or award of damages. All remaining allegations of this paragraph are denied.

//

**AFFIRMATIVE DEFENSES**

**QUALIFIED IMMUNITY**

AS AND FOR A SEPARATE AFFIRMATIVE DEFENSE to the Complaint and the causes of action asserted therein, defendants allege that defendant, as a public employee, is immune under the common law doctrine of qualified immunity.

**FAILURE TO STATE A CAUSE OF ACTION**

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants allege that plaintiff's Complaint fails to state a cause of action against said defendants.

**STATUTE OF LIMITATIONS**

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants allege that plaintiff's causes of action are barred by California Code of Civil Procedure Section 335.1 and 340(c).

**PLAINTIFF'S COMPARATIVE NEGLIGENCE**

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants deny any wrongdoing, negligence, or liability on their part. However, should it be determined that defendants are liable, then defendants further allege that plaintiff also contributed to his own injuries and losses, if any there were, and by virtue of the decision in the case of Li v. Yellow Cab Company (1975) 13 Cal.3d 804, defendants ask that any judgment entered against them be proportionally reduced to the extent that plaintiff's own negligence proximately contributed to his own injuries and/or losses, if any there were.

**FAILURE TO MITIGATE**

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants allege that plaintiff was bound to exercise reasonable care and diligence to avoid loss and to minimize his damages, if any there were, and that the plaintiff may not recover for losses which could have been prevented by reasonable efforts on his part or by expenditures that he might reasonably have made.

**PRIVILEGED ACTS**

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants allege that the acts set forth in the Complaint are privileged.

**NO VIOLATION OF CONSTITUTIONAL RIGHTS**

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants allege that plaintiff has not been deprived of any constitutional right, whether federal or state, at any time, as alleged herein.

**LAWFUL DETENTION**

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants allege that the plaintiff was detained as the circumstances were such to indicate to a reasonable person in a like position that such a course of action was called for in the proper discharge of his duties.

**GOVERNMENT CODE SECTION 820.2 and 815.2(b)**

AS AND FOR A FURTHER SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants allege that to the extent the acts complained of were within the discretion of public employees, defendants are immune from liability pursuant to the provisions of Government Code Sections 820.2 and 815.2(b).

**GOVERNMENT CODE SECTION 905**

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants allege that plaintiff's action is barred to the extent that plaintiff has failed to comply with Government Code Section 905.

**GOVERNMENT CODE SECTION 900, ET SEQ.**

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants allege that plaintiff's Complaint exceeds the scope of his claim, both in respect to theories of liability asserted and to injuries and damages claimed. It is therefore barred pursuant to Government Code Section 900, et seq.

**GOOD FAITH IMMUNITY**

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants allege that at all times relevant herein, defendants acted with a good faith belief that its actions were proper and lawful and did not violate clearly established law, and consequently, defendants are entitled to immunity.

**PUNITIVE DAMAGES**

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants are immune from claims for punitive damages, pursuant to California Government Code Section 818, and under federal law.

**CONSTITUTIONAL RIGHTS**

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that plaintiff was not deprived of any constitutional right, whether federal or state, at any time, as alleged herein.

**CALIFORNIA GOVERNMENT CODE IMMUNITIES**

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants allege that they are immune from suit herein under applicable California immunity statutes, including, but not limited to, California Government Code sections 815.2, 818, 818.2, 818.4, 818.8, 820.2, 820.4, 820.6, 820.8, 821, 821.2, 821.6, 821.8, and 822.2

**WILLFUL CONTRIBUTORY NEGLIGENCE**

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants allege that plaintiff was himself willfully careless and negligent in and about the matters alleged in the Complaint and that said willful carelessness and negligence on said plaintiff's own part proximately contributed to the happening of the accident and to the injuries and to the loss and damages complained of, if any there were.

**PRAYER**

WHEREFORE, defendants pray for relief as follows:

1. That plaintiff take nothing by this action;

2. That plaintiff's prayer for costs and attorney's fees be denied;

3. That plaintiff be ordered to pay defendants' attorney's fees and costs incurred in the defense of this action; and,

4. For any such relief that justice requires and this Court deems proper.

DATED: July 14, 2008

EDRINGTON, SCHIRMER & MURPHY

Peter P. Edrington
Attorneys for Defendants CITY OF PITTSBURG and DAVID PEARMAN

**Bradley vs. City of Pittsburg, David Pearman, Case No. C08-02925 EMC**

**PROOF OF SERVICE**

I am a citizen of the United States. My business address is 2300 Contra Costa Boulevard, Suite 450, Pleasant Hill, CA 94523. I am employed in the County of Contra Costa where this service occurs. I am over the age of 18 years and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On July 14, 2008, following ordinary business practice, I served the attached document(s) described as **DEFENDANTS CITY OF PITTSBURG AND DAVID PEARMAN'S ANSWER TO COMPLAINT FOR DAMAGES** on the interested parties in said action addressed as follows:

Shawn Ridgell
RIDGELL & LAWLOR LLP
2128 Broadway
Oakland, CA 94612

(510) 986-1300

______ **(BY FACSIMILE)** by transmitting via facsimile the document(s) listed above to the facsimile number(s) set forth above, or as stated on the attached service list, on this date before 5:00 p.m.

__X____ **(BY MAIL)** by placing a true and correct copy of the document(s) listed above enclosed in sealed envelope(s) with postage fully prepaid in the U.S. Mail at Pleasant Hill, California.

______ **(BY PERSONAL SERVICE)** by placing a true and correct copy of the document(s) listed above in sealed envelope(s) and causing said envelope(s) to be delivered by hand this date to the offices of the addressee(s).

______ **(BY OVERNIGHT DELIVERY)** by placing a true and correct copy of the document(s) in a sealed envelope(s) and causing said envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 14, 2008, at Pleasant Hill, California.

Rosalie Loafea
Rosalie Loafea